### ROWLAND M. SHEPARD *vs.* ASA B. TURNER & trustees.

A vote by a town, under the authority of *St.* 1865, *c.* 152, to refund money which has been contributed by individuals for the purpose of filling its quota of troops under a call of the president of the United States, does not constitute a debt on the part of the town towards an individual who has contributed money for that purpose, and will not render the town liable to be charged as trustees in a trustee process brought against such an individual, as principal defendant.

TRUSTEE PROCESS. The inhabitants of West Boylston were summoned as trustees. The defendant was defaulted, and the only question was as to the liability of the trustees. The writ was dated June 13, 1866.

At the trial in the superior court, it appeared that the defendant contributed to a fund raised by a voluntary association for filling the quota of West Boylston in 1864. On the 17th of June 1865 the town of West Boylston voted to " raise by taxation such sums of money as may be necessary to pay and refund any money which has already been paid and applied by the

town or contributed by individuals in aid of and for the purpose of filling its quotas or furnishing men for the present war under any requisition, order or call of the president or war department of the United States during the year 1864." The town afterwards, and before any money had been assessed under the above vote, voted to instruct the assessors not to assess any money under the same.

On these facts, the trustees were discharged; and the plaintiff appealed to this court.

*C. A. Holbrook,* for the plaintiff, cited *St.* 1865, *c.* 152 ; *Freeland* v. *Hastings,* 10 Allen, 585 ; *Lowell* v. *Oliver,* 8 Allen, 259.

*P. E. Aldrich,* for the trustees, was not called on.

BIGELOW, C. J. The vote of the town to raise money for the purpose of refunding to individuals the amount contributed by them for the purpose of raising recruits for the army was not passed in fulfilment of any legal obligation which rested on the town, nor did it constitute a valid agreement by virtue of which the town was liable to pay a specific sum to any particular person. No debt was due to the principal defendant. He had no cause of action against the town. Where there is no legal liability to pay money on the part of a person summoned as trustee, he cannot be adjudged to have any goods, effects or credits of the principal defendant in his hands. *Fellows* v. *Duncan,* 13 Met. 332. *Geer* v. *Chapel,* 11 Gray, 18.

*Trustees discharged.*